**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PERSONAL GENOMICS TAIWAN INC., | |
| Plaintiff, | |
| v. | C.A. No. 19-1810-GBW |
| PACIFIC BIOSCIENCES OF CALIFORNIA INC., | |
| Defendant. | |

**MEMORANDUM ORDER**

Before the Court is Defendant Pacific Biosciences of California Inc.'s ("PacBio") Motion to Transfer Venue to the Northern District of California (the "Motion," *see* D.I. 90), which is opposed by Plaintiff Personal Genomics Taiwan Inc. ("PGI"). *See* D.I. 99. For the reasons explained below, the Court **GRANTS** the Motion.

## I.     LEGAL STANDARD

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Courts in the Third Circuit evaluate a motion to transfer under the factors outlined in *Jumara v. State Farm Insurance*, 55 F.3d 873, 879-80 (3d Cir. 1995). *See In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (citing *Jumara*, 55 F.3d at 879-80). The movant has the burden to establish that the interests favor transfer. *See Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 436 (D. Del. 2015) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970)) (citing *Jumara*, 55 F.3d at 879).

The District Court must first decide whether the case could have been brought in the district

1

to which the movant wishes to transfer. *Jumara*, 55 F.3d at 878. If venue would have been proper in that district, the court then weighs whether the public and private interest factors favor transfer, keeping in mind that "'plaintiff's choice of venue should not be lightly disturbed.'" *Id.* at 879 (citations omitted). The private interest factors to consider include:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

> The public interests [] include[]: [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–80 (citations omitted). "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte*, 431 F.2d at 25 (cleaned up); *see Ceradyne, Inc. v. RLI Ins. Co.*, 2021 WL 3145171, at *4 (D. Del. July 26, 2021). While the plaintiff's forum choice remains "the most important factor[,]" other factors will influence the transfer decision. *Express Mobile, Inc. v. Web.com Grp., Inc.*, 2020 WL 3971776, at *2 (D. Del. July 14, 2020). "Thus, . . . when a plaintiff . . . has no connection to Delaware . . . other than its choice to sue here and its Delaware incorporation[,] . . . such a plaintiff's choice . . . will not dominate the balancing to the same extent as it otherwise might." *Id.*

2

## II.   DISCUSSION

PacBio moves to transfer this matter to the United States District Court for the Northern District of California. *See* D.I. 91. Because the Court finds that, on balance, the *Jumara* factors weigh in favor of transferring this case, the Court will grant PacBio's Motion to Transfer.

The Court must first decide whether the case could have been brought in the Northern District of California. *Jumara*, 55 F.3d at 878. Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Venue in a patent action is governed by 28 U.S.C. § 1400(b), which provides that an action under the federal patent laws "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." PacBio is headquartered in Menlo Park, California. D.I. 1 ¶ 5. PGI does not dispute that PacBio maintains a regular and established place of business in the Northern District of California. Thus, PGI could have brought suit against PacBio in the Northern District of California.

Next, the Court turns to PGI's argument that PacBio's motion to transfer is untimely. D.I. 99 at 5-7. This case was filed in September 2019. D.I. 1. The parties stipulated to a stay pending *inter partes review* ("IPR") on August 25, 2020. On February 2, 2022, following the final written decision of the IPR proceedings, the case was reopened. D.I. 37. On September 15, 2022, the Court stayed the case pending appeal of the IPR proceedings. D.I. 86. The Federal Circuit issued its decision on January 9, 2024, and PacBio moved to transfer the case on February 26, 2024. D.I. 90, D.I. 103.

PGI argues that PacBio's motion should be denied as untimely. However, "a mere passage of time or delay is not alone sufficient to deny a motion to transfer." *MEC Res., LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 228 (D. Del. 2017). Instead, delays are evaluated for whether there has been

3

"undue prejudice, increase[d] litigation expenses, or . . . dilatory tactics." *Id.* PGI agreed to stay this case pending the initial *inter partes* review, limiting its ability to now claim prejudice from that stay. The Court has not issued any substantive rulings in this case, limiting potential for forum shopping or increased litigation expenses. Any additional delay would be minimal—the transfer process takes mere weeks. Whether this case proceeds in the District of Delaware or the Northern District of California, an essentially new judge with limited familiarity with the case will preside over it. *See Harvey v. Apple Inc.*, No. 2:07-CV-327, 2009 WL 7233530, at *1 (E.D. Tex. Oct. 8, 2009) (granting transfer where the case had been "stayed for eight months pending issuance of the reissue patent, so any additional delay caused by venue transfer would be relatively insignificant," where the court had "not yet construed any claims . . . [or] gained any familiarity with the technology at issue"). Thus, as there is not undue prejudice, litigation expenses would not be increased, and PGI has not engaged in dilatory tactics, the stage of the case does not weigh against PacBio's motion to transfer.

The Court next turns to the private and public interest factors outlined in *Jumara*.[1]

## A.      Plaintiff's Forum Preference

PGI is not at home in Delaware, and therefore its choice is "entitled to less deference." *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011). PGI is incorporated and is headquartered in Taiwan, and has no connection to Delaware. D.I. 1 ¶ 1. Although it does not afford PGI's choice "paramount consideration," the court nonetheless finds that "some degree of heightened deference" is warranted. *See Ithaca Ventures k.s. v. Nintendo of*

---

[1] The parties agree that the enforceability of the judgment and the judges' familiarity with applicable state law are neutral. D.I. 91 at 15 n.1. Accordingly, the Court does not address these factors.

*Am. Inc.*, No. 13–824–GMS, 2014 WL 4829027, at *2–3 (D. Del. Sept. 25, 2014) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)).

### B.    Defendant's Forum Preference

PacBio prefers to litigate in the Northern District of California because it maintains its principal place of business in Menlo Park, California. D.I. 91 at 6. PacBio has legitimate and rational reasons to prefer litigating at home, so its choice is entitled to some but not overriding deference. *See Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 755 (D. Del. 2012) ("Under Third Circuit law, [a defendant's] preference for an alternative forum is not given the same weight as Plaintiff's preference."). Accordingly, this factor favors transfer.

### C.    Whether the Claims Arose Elsewhere

While this factor is often neutral when the accused infringer operates nationally, the court often takes into account where the infringing products originate—*i.e.*, where they are designed, developed, manufactured, or marketed. *See Ithaca Ventures*, 2014 WL 4829027, at *3. *Linex Techs., Inc. v. Hewlett–Packard Co.*, No. 11–400–GMS, 2013 WL 105323, at *4 (D. Del. Jan. 7, 2013). PacBio primarily designed, developed, and manufactured the accused products in Menlo Park and no relevant conduct is alleged to have taken place in Delaware. D.I. 92 ¶ 11. PGI accuses PacBio of induced infringement based on PacBio providing customers with instructions on how to use the accused products. D.I. 1 ¶ 56. These instructions were drafted in California. D.I. 92 ¶ 11. Thus, the indirect infringement claims have "largely arisen in [California], where the allegedly inducing instructions were drafted." *Angiodynamics, Inc. v. Vascular Sols., Inc.*, No. 09-554-JJF, 2010 WL 3037478, at *3 (D. Del. July 30, 2010). Therefore, the infringement claims have "deeper roots" in the Northern District of California than in the District of Delaware. *See Linex Techs.*, 2013 WL 105323, at *4. This factor weighs in favor of transfer.

**D.    The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition**

PacBio is a Delaware corporation that litigates in this District. Any inconvenience to PacBio is minimal, at best. Nevertheless, given the numerous employees whose work would be disrupted by travel to Delaware, it would be more convenient for PacBio to litigate in the Northern District of California. D.I. 92 ¶ 6. On the other hand, PGI is in Taiwan and will be required to travel regardless of where this action takes place. *See Take2 Techs. Ltd. v. Pac. Biosciences of California, Inc.*, No. CV 22-1595-WCB, 2023 WL 4930359, at *7 (D. Del. Aug. 2, 2023) (finding that PacBio's presence in California favors transfer, and that travel from Asia "to the west coast of the United States is at least marginally less burdensome than travel to the east coast.").

Moreover, while PacBio has indicated that Delaware is convenient to it by incorporating here, PGI has also indicated that the Northern District of California is convenient to it by agreeing to a non-disclosure agreement with a forum selection clause in the Northern District of California. D.I. 91, Ex. 10 at 2. *See Take2*, 2023 WL 4930359, at *7 ("[A]ny weight that may be attributable to PacBio's prior involvement in litigation in Delaware is largely offset by the fact that Take2 has indicated, by agreeing to venue in the Northern District of California for the resolution of any disputes over the Take2 NDA, that it does not regard litigating in that district as unduly burdensome."). On balance, this factor weighs slightly in favor of transfer.

**E.    The Convenience of Witnesses**

Under Third Circuit law, the district court is to consider the convenience of witnesses "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *see also Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (noting that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena"). Notably, party witnesses or witnesses who are employed by a party carry no weight

as each party is able and, indeed, obligated to procure the attendance of its own employees for trial. *See MEC Res., LLC v. Apple, Inc.*, 269 F. Supp. 3d 218, 226 (D. Del. 2017).

PGI identified seven (7) non-party witnesses in its initial disclosures, all of whom live within 100 miles of San Francisco (and are thus subject to subpoenas in the Northern District of California), and none of whom would be subject to subpoena in the District of Delaware. D.I. 91, Exs. 1-9. PGI has not identified any non-party witnesses located in Delaware. "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). The existence of seven (7) non-party witnesses that *Plaintiff* considers significant for trial, all of whom are within the subpoena power of the Northern District of California but not the District of Delaware, strongly supports transfer.

## F.    The Location of Books and Records

The location of relevant documents favors transfer, although this factor is accorded little weight. In infringement cases, most of the relevant documents come from the alleged infringer. *See, e.g., Intell. Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 485 (D. Del. 2011) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). More relevant documents are likely present at PacBio's California headquarters than are present in Delaware. D.I. 92 ¶ 11. While the location of PacBio's records therefore favors transfer, "technological advances . . . have significantly reduced the burden of transferring evidence, and, consequently, have greatly diminished this as a factor in a transfer analysis." *Intell. Ventures I*, 797 F. Supp. 2d at 485. PacBio also has failed to demonstrate that the relevant files and documents "could not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Thus, although this factor favors transfer, it is given little weight.

7

### G.    Practical Considerations

PGI argues that delay from transferring the case, requiring attorneys to learn the precedent in the Northern District of California, and requiring an additional Court to learn the facts of the case are practical considerations weighing against transfer. D.I. 99 at 16-17. As discussed above, delay would be minimal. Moreover, this Court has relatively little familiarity with the action, and the Court does not believe that there would be significant public costs associated with the attorneys learning Northern District of California precedent. Indeed, PGI's attorneys are from California and have collectively litigated thirty-five (35) patent cases in the Northern District of California. D.I. 101, Ex. 21. Thus, this factor is neutral.

### H.    Relative Administrative Difficulties Due to Court Congestion

This factor favors transfer. According to the most recent data provided by the United States Courts, this District had 666 weighted case filings per active judgeship, while the Northern District of California had 486 weighted filings. *See U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics (December 31, 2023)*, Admin. Off. Of The U.S. Cts., https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2023.pdf. The patent case load disparity is also substantial: there are currently 738 pending patent cases in the District of Delaware (and 176 assigned to this Court), compared to 230 in the Northern District of California. D.I. 91, Exs. 12, 13. These 738 patent cases are distributed across four (4) active Article III judges, one (1) senior judge, and five (5) magistrate judges, as compared to the Northern District of California's thirteen (13) active Article III judges, ten (10) senior judges, and thirteen (13) magistrate judges. Accordingly, this factor weighs in favor of transfer. *Cf. Allen Med. Sys., Inc. v. Mizuho Orthopedic Sys., Inc.*, 2022 WL 1046258, at *3 (D. Del. Apr. 7, 2022) (finding that

the court congestion factor supported transferring a patent infringement action to the Northern District of California).

### I.    Local Interest in Deciding Local Controversies at Home

The local interest factor in patent cases is typically neutral because "patent issues do not give rise to a local controversy or implicate local interests." *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 486 (D. Del. 2011). The Court is not convinced that either district has a local interest in this case.

### J.    Public Policies of the Fora

This factor is neutral, as there is no reason to believe that states would apply differing public policy considerations in the application of federal patent law. *Dermansky v. Young Turks Inc.*, 2023 WL 4351340, at *2 (D. Del. July 5, 2023).

### K.    Summary of *Jumara* Factors

In sum, of the twelve (12) *Jumara* factors, six (6) weigh in favor of transfer, one (1) weighs against transfer, and five (5) are neutral. Considered in their totality, the factors weigh strongly in favor of transferring this action to the Northern District of California. Thus, a transfer of the case is warranted under § 1404(a).

## III.    CONCLUSION

For the above reasons, the Court grants Defendant's Motion to Transfer Venue of this case to the Northern District of California.

Therefore, at Wilmington this 18th day of June 2024, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer (D.I. 90) is **GRANTED.**

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

9